# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Jessie Adam,  Case No. 3:19CV429

    Plaintiff

v.  **ORDER**

Airway Manufacturing Company,

    Defendant

    This employment-discrimination case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and analogous provisions of Ohio law comes before me on review of the docket.

    Plaintiff Jessie Adam filed this suit in February, 2019, alleging that her former employer, defendant Airway Manufacturing Company (Airway), did not respond to or address her complaints of sexual harassment, discriminated against her on the basis of sex, and retaliated against her for challenging that harassment and discrimination (as well as alleged "color discrimination"). (Doc. 1, PageID 3–8).

    Adam served the complaint on Airway by certified mail on March 18, 2019. (Docs. 3, 4). Since then, Airway has not filed an appearance or answered the complaint.

    On July 24, 2019, Adam filed a motion for summary judgment. (Doc. 5). The motion (to which Airway also made no response) contends that Airway failed to respond to Adam's requests for admissions, and that this failure operates as an admission, under Fed. R. Civ. P. 36(a)(3), of all matters into which Adam's requests had inquired. Adam therefore argues that she

is entitled to judgment as a matter of law on her Title VII and state-law discrimination claims and to recover $120,000 in emotional-distress damages, $60,000 in economic damages, $50,000 in non-economic damages, $40,000 in attorney's fees, and $50,000 in punitive damages.

## Standard of Review

"Summary judgment is appropriate under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323. Once the movant carries its burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

A district court may not grant summary judgment "solely because the non-moving party has failed to respond to the motion." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2002). If the non-movant has failed to respond, the court cannot grant summary judgment unless it finds that "the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to relief." Fed. R. Civ. P. 56(e)(3).

## Discussion

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)[.]" Fed. R. Civ. P. 36(a)(1).

Under Rule 36, "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter[.]" Fed. R. Civ. P. 36(a)(3). Any matter "admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

## A. Liability and Damages

Here, the record shows that Adam served her requests for admission on Airway, via certified mail addressed to "Airway Manufacturing Co., c/o Andy Weaver," at its facility in Edgerton, Ohio, on April 26, 2019. (Doc. 5–1, PageID 35; Doc. 5–2, PageID 36–37).

Airway had thirty days in which to respond or object to these requests, but it failed to do so. (Doc. 5–1, PageID 35).

By virtue of its failure to respond, Airway has admitted that it: 1) discriminated against Adam based on sex by creating a hostile work environment, in violation of 42 U.S.C. § 2000e-2; 2) discriminated against Adam on the basis of sex, in violation of O.R.C. § 4112.02(A); and 3) retaliated against Adam for engaging in protected activity, in violation of O.R.C. § 4112.02(I). (Doc. 5–2, PageID 53–55) (requests for admission establishing Airway's liability).

I also find that Airway has admitted that, as a result of its illegal conduct, Adam incurred $120,000 in emotional-distress damages, $60,000 in economic damages, and $50,000 in non-economic damages. (Doc. 5–2, PageID 54–55). I also find that Airway has admitted that Adam is entitled to recover $50,000 in punitive damages. (Doc. 5–2, PageID 55) (requests for admission establishing Adam's damages).

Finally, in light of Airway's failure to respond to the motion for summary judgment, I find that these "fact[s] [are] undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

In sum, Adam has filed a properly supported motion for summary judgment establishing that there are no genuine issues of material fact as to her employment-discrimination claims. She is therefore entitled to judgment as a matter of law. *See*, *e.g.*, *Rudder v. Rashin*, 68 F. Supp. 2d 813, 817 (E.D. Mich. 1999) ("Defendant having utterly failed to respond to either plaintiffs' first requests for admissions . . . or to plaintiffs' motion for summary judgment . . . the Court will grant plaintiffs' motion for summary judgment."); *Int'l Decision Sys., Inc. v. Cont'l First Fed., Inc.*, 2009 WL 3381529, *1 (D. Minn. 2009) (granting summary judgment after defendant admitted liability and damages by failing to respond to requests for admission); *Burdick v. Koerner*, 179 F.R.D. 573, 576 (E.D. Wisc. 1998) (granting summary judgment on defendants' counterclaims because, "[a]s a result of their failure to respond to the requests for admission, the counterclaim defendants are deemed to have admitted . . . (1) they have no factual basis to support any of their counterclaims [and] (2) they have sustained no damages").

### B. Attorney's Fees

Finally, while Airway may have admitted that Adam's attorneys are entitled to recover $40,000 in attorney's fees, I do not believe that admission overrides my responsibility to ensure that Adam's counsel receive only a "reasonable" fee for prevailing in this case.

"Prevailing plaintiffs in Title VII actions are entitled to an award of reasonable attorney's fees." *Perry v. AutoZone Stores, Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015); *see also* 42 U.S.C. § 1988(b). "The primary concern in an attorney fee case is that the fee awarded be reasonable." *Perry*, *supra*, 624 F. App'x at 372 (internal quotation marks omitted).

The record here contains no information about the hours that counsel logged on Adam's behalf, the work that they performed, or their hourly rates. Accordingly, I have no basis to conclude that counsel earned the $40,000 figure mentioned in the requests for admissions, let

alone that that figure is reasonable. I will therefore order Adam's counsel to file an affidavit and other documentation (billing records, etc.) in support of their request for an award of attorney's fees. Of course, if Adam's counsel believe that Airway's admission does override the statutory obligation to award only "reasonable" fees, they may file a short brief (no longer than five pages) to that effect, with supporting authority.

## Conclusion

It is, therefore,

ORDERED THAT:

1. Adam's motion for summary judgment (Doc. 5) be, and the same hereby is, granted.

2. The Clerk shall enter judgement in the amount of $280,000 in favor of plaintiff and against defendant accordingly.

3. Adam's counsel to file affidavit(s) and documentation in support of their request for an award of reasonable attorney's fees, and a short brief as directed *supra* if they so desire, within fourteen days of the date of this order.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge